[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-10993
Non-Argument Calendar

_____

Agency No. A089-346-989

ALEJANDRO DAYAN MATHEUS,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(December 4, 2018)

Before WILSON, EDMONDSON, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Petitioner Alejandro Matheus, a native and citizen of Venezuela, petitions for review of the order of the Board of Immigration Appeals ("BIA") affirming the decision of the Immigration Judge ("IJ"). The IJ concluded that Petitioner was removable under Immigration and Nationality Act ("INA") § 237(a)(4)(A)(i), 8 U.S.C. § 1227(a)(4)(A)(i). The IJ also denied Petitioner's application for deferral of removal under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"), 8 C.F.R. § 208.16. No reversible error has been shown; we deny the petition.

I.    Background

Petitioner entered the United States in 2002 on a student's visa. Petitioner later married a United States citizen and, in 2009, adjusted his status to that of a lawful permanent resident.

In 2011, Petitioner pleaded guilty to one count of attempt to export firearms and ammunition designated as defense articles contrary to law, in violation of 18 U.S.C. § 554. As part of his plea, Petitioner admitted these things: (1) that he

2

attempted to ship to Venezuela packages containing rifles, handguns, and ammunition; (2) that he knew he could not import legally firearms to Venezuela; and (3) that he knew he was committing a crime.

In 2015, the Department of Homeland Security ("DHS") served Petitioner with a notice to appear, charging him as removable on several grounds.[1] In pertinent part, DHS alleged that Petitioner was removable under INA § 237(a)(4)(A)(i), which makes removable "[a]ny alien who has engaged . . . in . . . any activity . . . to violate or evade any law prohibiting the export from the United States of goods, technology, or sensitive information." 8 U.S.C. § 1227(a)(4)(A)(i).

Petitioner denied all charges of removability and moved to terminate the removal proceedings. After a hearing, the IJ concluded that Petitioner was removable on all charges, including under section 237(a)(4)(A)(i). Petitioner then sought, among other things, protection under the CAT.[2] After a second hearing, the IJ denied Petitioner CAT relief and ordered him removed to Venezuela.

---

[1] The only ground for removal before us on appeal is Petitioner's removability under INA § 237(a)(4)(A)(i).

[2] Petition also filed applications for asylum, withholding of removal, adjustment of status, and for waiver of grounds of inadmissibility. The denial of these forms of relief are not before us in this appeal.

3

The BIA dismissed Petitioner's appeal.  The BIA first determined that Petitioner was removable under section 237(a)(4)(A)(i).  In doing so, the BIA explained that a criminal conviction was unnecessary to establish removability under section 237(a)(4)(A)(i).  Nevertheless, the BIA said that -- given the elements required to sustain a conviction under 18 U.S.C. § 554, and given Petitioner's testimony at the IJ hearing about his criminal conduct -- Petitioner's conviction supported the charge of removal in this case.  The BIA also concluded that Petitioner had failed to demonstrate eligibility for CAT relief.

II.     Standard of Review

We review only the decision of the BIA, except to the extent that the BIA adopts expressly the IJ's decision.  Kazemzadeh v. U.S. Att'y Gen., 577 F.3d 1341, 1350 (11th Cir. 2009).

We review de novo the BIA's conclusions of law.  Id.  We review fact determinations under the "highly deferential substantial evidence test" whereby we "must affirm the BIA's decision if it is 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'"  Adefemi v. Ashcroft, 386 F.3d 1022, 1026-27 (11th Cir. 2004) (en banc).  We "view the record evidence

4

in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." Id. at 1027.  To reverse a fact determination, we must conclude "that the record not only supports reversal, but compels it." Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003).  "[T]hat the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings."  Adefemi, 386 F.3d at 1027.

III.    Discussion

A.

On appeal, Petitioner first argues that the BIA erred in not applying the categorical approach in determining whether Petitioner's conviction under 18 U.S.C. § 554 satisfied the removal provisions under INA § 237(a)(4)(A)(i).

We recognize that -- under certain circumstances -- application of the categorical approach is proper in determining whether an alien is removable under the INA.  See, e.g., Mellouli v. Lynch, 135 S. Ct. 1980, 1986-88 (2015) (applying the categorical approach in deciding whether an alien who pleaded guilty to misdemeanor possession of drug paraphernalia had been "convicted" of a

controlled substance offense for purposes of removal under 8 U.S.C.

§ 1227(a)(2)(B)(i)); Moncrieffe v. Holder, 569 U.S. 184, 190 (2013) (applying the

categorical approach to determine whether an alien had been convicted of an

aggravated felony within the meaning of 8 U.S.C. § 1101(a)(43)); Fajardo v. U.S.

Att'y Gen., 659 F.3d 1303, 1308-09 (11th Cir. 2011) (explaining that application

of the categorical approach is proper for determining whether an alien was

"convicted of . . . a crime involving moral turpitude" under 8 U.S.C.

§ 1182(a)(2)(A)(i)(l)).  The Supreme Court has stressed that the categorical

approach -- which "looks to the statutory definition of the offense of conviction,

not to the particulars of an alien's behavior" -- is appropriate when "Congress [has]

predicated deportation 'on convictions, not conduct . . . .'"  See Mellouli, 135 S.

Ct. at 1986; Moncrieffe, 569 U.S. at 191 (explaining that the "categorical approach

has a long pedigree in our Nation's immigration law" because "the INA asks what

offense the noncitizen was 'convicted' of, . . . not what acts he committed.

'[C]onviction' is 'the relevant statutory hook.'").

Unlike the immigration statutes involved in Mellouli and Moncrieffe,

however, section 237(a)(4)(A)(i) contains no "conviction" language.  Instead, the

plain statutory language provides that an alien is removable if he "has engaged" in

activity that would violate or evade United States export laws.  The BIA has

6

interpreted this statutory language as requiring no criminal conviction and, instead, as requiring "only engagement, past or present, in any activity in violation of a law . . .." In re Luis-Rodriguez, 22 I.&N. Dec. 747, 756 (BIA 1999) (addressing removal under an earlier codification of the statute at 8 U.S.C. § 1251(a)(4)(A)(i))).

Because a conviction is not a required element for removal under section 237(a)(4)(A)(i), we reject Petitioner's argument that the BIA erred in failing to apply the categorical approach. The BIA considered properly the conduct underlying Petitioner's conviction in determining whether Petitioner had "engaged" in acts within the scope of section 237(a)(4)(A)(i).

Moreover, the record supports the BIA's determination that Petitioner was removable under section 237(a)(4)(A)(i) for having engaged in conduct that violated United States export laws. Among other things, Petitioner testified before the IJ that he lied intentionally about the contents of the packages and that he knew that he was shipping the guns and ammunition to Venezuela in violation of United States law.

B.

Petitioner next argues that -- even if he is removable -- he is entitled to deferral of removal under the CAT.  To establish eligibility for CAT relief, an applicant bears the burden of proving "by objective evidence that it is 'more likely than not' that he or she will be tortured if removed."  Cadet v. Bulger, 377 F.3d 1173, 1180 (11th Cir. 2004).  To satisfy his burden of proof, a petitioner must establish that he "would be individually and intentionally singled out for harsh treatment."  Jean-Pierre v. U.S. Att'y Gen., 500 F.3d 1315, 1324 (11th Cir. 2007) (emphasis in original).  "[E]vidence of generalized mistreatment and some isolated instances of torture" are not enough.  Id.

In support of his application for CAT relief, Petitioner testified that he started a blog in 2007 that served as a platform for people to protest and to criticize the Venezuelan government.  Petitioner refused requests by the Venezuelan military to censor the anti-government comments being posted on his blog.  As a result -- sometime in 2009 -- Venezuelan military officers threatened Petitioner, telling Petitioner that they were going to beat him with sticks, throw him into a dark cell, kick him, and use electric shock on him.

8

The record supports the BIA's determination that Petitioner failed to satisfy his burden of establishing eligibility for CAT relief.  Contrary to Petitioner's contention on appeal, the BIA addressed sufficiently the issues raised before it on appeal and provided reasoned justifications for its decision, allowing for meaningful appellate review.  In denying Petitioner CAT relief, the BIA acknowledged -- citing to a State Department Country Report and other documentation attached to Petitioner's application for relief -- the existence in Venezuela of instances of politically-motivated torture, other human rights violations, and of ongoing anti-government protests and retaliation by pro-government forces.  Nevertheless, the BIA agreed with the IJ's determination that Petitioner had failed to demonstrate that he more likely than not would be singled out for torture if he returned to Venezuela.  In particular, the BIA noted that Petitioner -- after starting his blog in 2007 -- traveled to Venezuela several times in 2008 and in late 2009 without incident.  The BIA also determined that Petitioner had presented no evidence that government officials were still looking for him.  Considering the record as a whole, we are not compelled to reverse the BIA's determination.

PETITION DENIED.